```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
-------------------------
DEREK A. CAPOZZI, PRO SE]
         PETITIONER,    ]
                        ]
    v.                  ]      Civ.No.05-10171-PBS
                        ]
UNITED STATES OF AMERICA]
         RESPONDENT.    ]
-------------------------
```

PETITIONER'S MOTION FOR ASSIGNMENT OF COUNSEL AND AN
EVIDENTIARY HEARING TO FULLY DEVELOP THE RECORD
WITH RESCHEDULED POST-HEARING BRIEFING ON THE MERITS

NOW COMES the petitioner, Derek A. Capozzi, pro se, and in relation to his pending 28 USC § 2255 petition, moves this Honorable Court, pursuant to the Criminal Justice Act, 18 USC § 3006A(b)(c) and § 3006A(d)(1)(3) as well as Rule 8(c) of the Rules governing § 2255 cases, to assign CJA counsel, Liebman, Federal Habeas Corpus Practice and Procedure, § 12.3 (4th Ed. 2001 w/ 2004 supplement); Alford v. United States, 709 F2d 418, 423 (1st Cir 1983)("An indigent who is ordered to receive an evidentiary hearing upon his petition is entitled to representation by appointed counsel at the hearing"); United States v. Iasiello, 166 F3d 212, 213 n.3 (3rd Cir 1999)("Rule 8(c)... has also been acknowledged by the Circuits to mandate appointment of counsel for an evidentiary hearing"); Roney v. United States, 205 F3d 1061, 1062-63 (8th Cir 2000); Swazo v. Warden, 23 F3d 332, 333-34 (10th Cir 1994).

In addition to counsel being needed to obtain Habeas Rule 6 discovery, for Habeas Rule 7 expansion of the record, assigned CJA counsel for petitioner is needed to interview, prepare and present the testimony of ineffective direct counsel in relation to

-1-

petitioners Habeas Rule 8 motion for an evidentiary hearing to fully develop the record, Mapes v. Coyle, 171 F3d 408, 427-29 (6th Cir 1999)(Writ granted following direct appeal counsel's evidentiary hearing testimony, Mapes v. Tate, 388 F3d 187, 189-193 (6th Cir 2004). This is particularly appropriate where jury instruction flaws, or Apprendi/Blakely errors related to ineffective appellate counsel's failure to brief Judge Saris' absolutely correct objection to "probability" language in the Commerce Clause element instruction and retroactive United States v. Booker, 125 S.Ct. ____ (2005) challenge through failure to brief Apprendi/Booker-type sentencing errors, are involved in the case at bar. Similarly, assigned CJA counsel is needed to interview, prepare and present evidentiary hearing testimony from trial counsel, AUSA Bator, and uncalled trial witnesses, Theodore v. United States, ____ F.Supp2d ____ (D.Mass 2004); Porcaro v. United States, 784 F2d 38, 40-41 (1st Cir 1986); Phoenix v. Matesanz, 189 F3d 20, 25-28 (1st Cir 1999); also see Moran v. Vose, 816 F2d 35, 37 (1st Cir 1987).

    Petitioner Capozzi is presently awaiting two April-May 2005 trials before Judge Rya W. Zobel and a January 2006 3-5 month estimated RICO trial, United States v. DeCologero, et. al., 01-10373-RWZ, (all being defended pro se) following his pro se September-October 2004 trial for which the petitioner has a new trial motion/requested evidentiary hearing(s) pending. The government has three highly experienced AUSA's prosecuting the pro se petitioner in that matter and is utilizing several teams of ATF, DEA, State Task Force and local police agents as well as unlimited research and clerical staff. Therefore, in addition to

assignment of CJA counsel, petitioner moves this Court to reschedule briefing on the merits until after the evidentiary hearing is completed.[1/]

~~February 14th~~ March 7th, 2005.

Respectfully Submitted,

Derek A. Capozzi, pro se

I hereby state that I've served the government a copy of the foregoing motion by way of mail on this ~~14th day of February~~ 7th Day of March, 2005.

Derek A. Capozzi, pro se

---

[1/] It should be noted that the petitioner also has numerous extensive and complex DNA pre-trial Daubert hearings upcoming in relation to the DeCologero, et.al. offenses in which the petitioner is pro se and which will require extremely meticulous scientific education and jurisprudence knowledge. Petitioner has standby counsel in that matter who has himself refused to accept several CJA requested cases recently due to his excessive workload in the DeCologero, et.al. matter; this experienced attorney is merely standby counsel to the petitioner (who does all of his own pro se legalwork/motions/filings) and he himself cannot handle any other cases at this point in time. The pro se petitioner is even less equipped to handle another caseload at this time and asks this Court to also consider this fact in it's decision as to the petitioner's request for CJA appointed counsel in this matter.

-3-