## Affidavit of Derek A. Capozzi

I, Derek A. Capozzi, hereby do state the following:

1.) It is my best memory and recollection that the plea hearings in which I changed my pleas of innocent to guilty regarding the breaking and entering charges listed in my PSI report as footnotes (48), (49),(50)(53), (54) and (56) were conducted without the prosecutor or the judge asking, or asserting, whether a building or structure was broken into. I recall only the court asking me if I "admit to sufficient facts that a building, ship, vessel or vehicle" (emphasis added) was broken into to which I answered "yes" and then was asked "How do you plead, guilty or not guilty" to which I stated, "guilty".

2.) At no time prior to being sentenced did Peter Krupp go over my prior convictions with me to determine whether or not the ACCA was applicable to me. He did not enquire about my pleas of guilt, nor did he advise me of my rights under the rules of Taylor v. United States, or Apprendi

-1-

<u>v. New Jersey</u>. Had he done so, I would have advised him of the assertions in paragraph #1 above and directed him to object at sentencing.

3.) In 2002, I wrote letters to Patricia Garrity and Joseph Laws of the Federal Defenders office of Puerto Rico who were representing me on my appeal. In my letters I specifically laid out the <u>Almendarez-Torres</u> / <u>Apprendi</u> legal argument set forth in 12 E) (c) with meticulous detail to facts and law. I directed them to brief my legal argument to the First Circuit and to preserve it for Writ of Certiorari to the Supreme Court. They both refused to do so and it did not get included in my brief over my objection.

Signed and sworn under penalties of perjury on this 16th day of March, 2005.

_____
Derek A. Capozzi, Pro Se