United States District Court
District Of Massachusetts

FILED
IN CLERKS OFFICE

2005 MAR 18 P 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

Derek A. Capozzi

v.

Civ. No. 05-cv-10171-PBS

United States of America

Petitioner's Amended Motion Under
28 USC § 2255 To Vacate,
Set Aside, Or Correct Sentence

12 E) Defendant's ACCA Enhancement
Unconstitutionally Violated His
Sixth Amendment Rights.

(a.) The defendant's ACCA predicates considered at sentencing.

At sentencing on count one alleging
a violation of 18 USC § 922 (g) the court
enhanced the defendant's punishment beyond the
prescribed ten (10) year statutory maximum
penalty after determining that the defendant
qualified for the penalty enhancement provisions

-1-

of 18 USC § 924 (e)'s Armed Career Criminal Act ("ACCA").

The penalty enhancement was based on six prior burglary convictions and one prior conviction for assault and battery on a police officer with a dangerous weapon (shod foot). These predicate convictions were listed in the PSI under footnotes: (48), (49)(50)(51a), (53), (54), (56) and (57).

Only predicate acts listed in footnotes (48), (49),(50)(53), (54) and (56), charged as "Breaking and Entering w/ intent to commit a felony" are applicable to this petition. The remaining two predicate acts are (51a) (Burglary of a structure) and (57) (The assault on police officer) and are not challenged in this argument as being facially valid predicate acts for purposes of the ACCA. Although they are being challenged in as much as it violates the defendants Sixth Amendment Rights by having the judge as opposed to the jury find these are valid ACCA predicate acts.

(b.) <u>Non-Generic burglary statutory convictions were impermissible ACCA predicates.</u>

-2-

Massachusetts General laws provide for ~~criminal~~ two burglary statutes; those statutes provide for punishment for "[W]hoever ... breaks and enters a _building, ship, vessel or vehicle_, with intent to commit a felony." Mass. Gen. Laws Ann., ch. 266, § 16 (West 2000) (emphasis added; see also § 18.

The criminal complaints issued for which the defendant received the enhanced penalty under the ACCA do not specify that it was a _building_ for which the defendant was charged and pled guilty to. In <u>Taylor v. United States</u>, 495 U.S. 575 (1990) the Supreme Court read the listing of "burglary" as a predicate "violent felony" (in the ACCA) to refer to what they called a "generic burglary," an "unlawful or unpriviledged entry into, or remaining in, a _building or structure_, with intent to commit a crime." 495 U.S, at 599. The <u>Taylor</u> court held that the ACCA generally prohibits the later court from delving into particular facts disclosed by the record of conviction, thus leaving the court normally to "look only to the fact of conviction and the statutory definition of the prior offense." <u>Id</u>. at 602.

The <u>Taylor</u> court found that the only exception to this rule was if "the indictment or information _and_ jury instructions show that the defendant was

-3-

charged <u>only</u> with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict ...." <u>Ibid.</u> (emphasis added). Only then might a conviction under a "nongeneric" burglary statute qualify as an ACCA predicate.

In the petitioners case, the offenses charged in state complaints were broader than a generic burglary statute, and -- because they were pleas of guilt-- there were no jury instructions that might have narrowed the charges to the generic limit.

In fact, the defendant pled guilty only to breaking and entering into a building, <u>ship, or vessel, or vehicle</u> (see attached affidavit of petitioner (apo3)). Neither the state prosecutors, nor the state/county judge ever declared the defendant's plea of guilt was for "anything other than that the " defendant did break and enter into a building, <u>ship, vessel or vehicle</u> ...." (See affidavit of petitioner).

Because the court did not make any finding that the defendants' prior predicate convictions were generic burglary convictions the court had no authority to sentence the defendant under the ACCA to an enhanced penalty in violation of the defendant's 6th and 14th Amendment Rights

-4-

(c)  <u>Determination by judge that defendant qualified for ACCA</u> violates petitioner's 6th and 14th Amendment Rights.

In light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 and <u>Jones v. United States</u>, 526 U.S. 227 and the recent string of 6th amendment caselaw, it is clear that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 was incorrectly decided, and that even prior convictions -- for purposes of the ACCA -- must be submitted to a jury and found beyond a reasonable doubt.

The Supreme Court determined in <u>Almendarez-Torres</u> in 1998 that judges, as opposed to a jury, may consider prior convictions when sentencing a criminal defendant to enhanced punishment. In 2000 (prior to petitioners sentencing) the Supreme Court declared that " any fact, other than a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt." to enhance a defendants' penalty, <u>Apprendi v. New Jersey</u>, 530 US 466 (2000).

In <u>Almendarez-Torres</u>, the Supreme Court

ruled against the defendant by a five to four decision. Justice Thomas voted against the defendant siding with the majority.

In the 2000 term, in deciding Apprendi, the Supreme Court ruled in favor of the defendant (on a 6th Amendment issue once again). All of the majority voters from Almendarez-Torres voted against defendant Apprendi with the exception of justice Thomas. This time, justice Thomas sided with the Almendarez-Torres minority and created an Apprendi majority five to four decision in favor of the defendant. In doing so, justice Thomas specifically stated that he now believed he had been wrong in Almendarez-Torres when he cast the swinging vote against that defendant, Apprendi, at 520-521 (Thomas, J. concurring). Because Apprendi did not concern judicial fact-finding of "prior convictions" to enhance a defendant's penalty, the court in Apprendi had to leave Almendarez-Torres intact and carved out the ", other than a prior conviction," exception to judicial fact-finding.

To date, this issue has not been back

before the Supreme Court. On March 7, 2005 the Supreme Court decided <u>Shepard v. United States</u>, 2005 WL 516494. <u>Shepard</u> was an ACCA case in which the court declared a district court may not look to extrinsic evidence (i.e. police reports or criminal complaints) to determine whether or not a non-generic burglary statute guilty plea involved a building or structure as opposed to a ship, vessel or vehicle. In his concurring opinion, justice Thomas once again declared that "a majority of the Court now recognizes that <u>Almendarez-Torres</u> was wrongly decided." <u>Shepard</u>, <u>Supra</u>.

Particularly, justice Thomas stated:
"<u>Almendarez-Torres</u>, like <u>Taylor</u>, has been eroded by this Courts subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that <u>Almendarez-Torres</u> was wrongly decided. See 523 U.S., at 248-249 (Scalia, J. joined by Stevens, Souter, and Ginsburg, JJ., dissenting); <u>Apprendi</u>, supra, at 520-521 (Thomas, J. concurring). The parties do not request it here, but in an appropriate

case, this Court should consider Almendarez-Torres' continuing viability. Innumerable criminal defendants have been unconstitutionally ~~flawed~~ sentenced under the flawed rule of Almendarez-Torres, despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." Harris v. United States, 536 U.S. 545, 581-82 (2002) (Thomas, J., dissenting)."

Shepard, supra.

In light of the fact that a majority of the Supreme Court has repeatedly stated in dicta that judicial fact-finding of prior convictions violates a criminal defendants 6th and 14th Amendment Rights, this court should rule accordingly on behalf of this petitioner. As Supreme Court justice Thomas has stated, " a majority of the Court now recognizes that Almendarez-Torres was wrongly decided.".

(d.) <u>Trial/Sentencing Counsel and Direct Appeal Counsel</u>
<u>Were Ineffective for Failing To Object To Or</u>
<u>Brief Ground 12 E) (b) and (c) issues.</u>

Attorney Peter B. Krupp never once
inquired of the petitioner/defendant as to
whether or not his prior breaking and entering
convictions were <u>non</u>-generic burglary pleas. Had
Attorney Krupp explained as much to the defendant,
the defendant would have informed Mr. Krupp
that his prior pleas were only pleas made
to "sufficient evidence" to convict the petitioner
for " breaking and entering into a building, <u>ship,</u>
<u>vessel or vehicle</u>... " (see attached affidavit). Mr. Krupp
was ineffective for failing to investigate this fact at
all or for failing to inquire into the defendant
about it. Mr. Krupp had no strategic reason for
not doing so. He also had no strategic purpose
for failing to discuss the rule of <u>Taylor</u> with
the petitioner prior to sentencing.

Mr. Krupp also was ineffective for his
non-strategic failure to object to these predicate breaking
and entering offenses being used for ACCA purposes
where the Supreme Court had specifically decided the
rule of <u>Apprendi</u> that " any fact" other than

the conviction itself could not be determined by the judge without violating the 6th and 14th Amendment rights of the defendant, which was decided prior to the defendant/petitioner being sentenced. Mr. Krupp was ineffective also for failing to object to judicial-fact-finding in light of Justice Thomas' Apprendi statements. Finally, and most importantly, appellate counselors Patricia Garrity and Joseph Laws were ineffective for their non-strategic failure to litigate the very same 12 E) (c) argument raised above. They did so in direct contradiction to the direction of the petitioner/defendant who had fully briefed this very same argument with full case-citation authority and quotations and including a graph of the swinging justices from Almendarez-Torres to Apprendi①. An evidentiary hearing will reveal the defendant directed them to brief this issue in the summer of 2002. Writ of Certiorari was denied by the Supreme Court on January 26, 2004. Had appellate counsel briefed this very issue complained of as directed, the Supreme Court would have done as stated in Shepard when the Court (Justice Thomas) stated, "This Court should consider Almendarez-Torres' continuing viability.". Due to the ineffective assistance of appellate counsel though, the Supreme Court denied the defendant/petitioners Writ of Certiorari because, as in Shepard, "the parties do not

_____

① See attached affidavit.

request it here.". <u>Shepard</u>, supra.

Wherefore, the defendant should be resentenced accordingly, and/or an evidentiary hearing granted to determine any factual material disputes.

Respectfully Submitted,

Derek A. Capozzi

I hereby state the above-cited 28 USC § 2255 facts and assertions to be a truthful and accurate reflection of my memory.

x _____
Derek A. Capozzi, pro se

I certify that a true copy of the foregoing motion has been served upon the government by mail on this date: March 16, 2005

-11-