United States District Court
District Of Massachusetts


Derek A. Capozzi,
           Petitioner,
     v.                                    Civil No. 05-10171-PBS
United States Of America
           Respondent.


Petitioner's Motion For A
Certificate Of Appealability

On January 12, 2007, this Court (Saris, U.S.D.J.) issued a memorandum and order (Dkt. #14) denying petitioner Capozzi's motion for habeas relief under 28 U.S.C. § 2255.

While Petitioner's Motion, and subsequently Amended Motion, (Under 28 U.S.C. § 2255) listed numerous grounds seeking relief, petitioner Capozzi seeks a grant of Certificate of Appealability[1] to the First Circuit Court of Appeals on only one of those grounds: The Courts denial of: "6. Amended Motion" (at pgs. 11, 15 and 17-18)(of Courts 1-12-07 memorandum and Order).

More specifically Petitioner Capozzi seeks C.O.A.

---

[1] Hereafter "C.O.A."

-1-

to the First Circuit on the "second claim" (memorandum and order at pg. 15) which was denied by this Court: the claim "that the Court's determination, by a preponderance of the evidence, that his prior convictions qualified him as an Armed Career Criminal violated his Sixth Amendment right to a jury trial." Id.

(pg. 35) wishes to appeal to the First Circuit to argue the following:

1.) When a majority of the Supreme Court cites, in dicta, that a prior precedent was incorrectly decided, but has not altered its prior precedent because the issue is not back before the High Court, then a lower court may (and should), override the precedent in favor of the High Courts' statements in dicta when requested to do so by interested parties.[2]

---

[2] See Mem. and Ord. at pg. 15 "While petitioner may be correct, this argument fails because until the Supreme Court actually takes that vote, Almendarez-Torres remains good law.". (Almendarez-Torres v. U.S., 523 U.S. 224 (1998)).

-2-

2.) In light of <u>Apprendi</u> and its string of 6th Amendment progeny, A lower Courts determinations, by a preponderance of the evidence, that prior convictions qualify the petitioner as an Armed Career Criminal, violated the petitioners 6th Amendment jury trial guarantee of a finding beyond a reasonable doubt by a jury.

3.) That petitioners claim of prejudice is satisfied when appellate counsel was directed by petitioner to brief exactly the same issue raised, on the same legal grounds, and appellate counsel failed to do so -- particularly whereas the Supreme Court stated, in dicta, that a majority of the Court now have decided that <u>Almendarez-Torres</u> was wrongly determined, but that it could not overrule it "at that time" because the issue was not squarely before the Court for deciding. Had appellate counsel raised the issues to the Court of Appeals, any subsequent Writ of Certiorari having been filed by petitioner would have squarely presented the issue, having been brought before the Supreme Court, for a favorable decision.

-3-

Because a majority of the Supreme Court has clearly stated that it would overrule <u>Almendarez-Torres</u> if the issue were brought back before the Supreme Court, And because this Court agrees with this fact ("<u>While petitioner may be correct</u>," (emphasis added), <u>Mem. and Ord.</u> at 16), this Court should issue a Certificate of Appealability so that the matter may be determined in accordance with Supreme Court majority.

Respectfully Requested,

*Derek A. Capozzi* signature
Derek A. Capozzi, Pro Se

Date: 1-24-07